Filed 2/19/16  P. v. Mercurio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078359 |
| Plaintiff and Respondent, | (Super. Ct. No. 62132572) |
| v. | |
| TRACY LYN MERCURIO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2014, defendant Tracy Lyn Mercurio evaded a police officer who was driving a marked police vehicle with its siren and lamp activated.  While evading the officer, defendant drove 65 miles per hour in a 40-mile-per-hour zone and ran a stop sign and a red light traveling 70 miles per hour.

1

Defendant pleaded no contest to evading a police officer with willful disregard (Veh. Code, § 2800.2, subd. (a)) and admitted she suffered a prior conviction for burglary (Pen. Code, §§ 1170.12, 667).[1]

In accordance with the plea agreement, the trial court sentenced defendant to a term of 16 months, doubled pursuant to the strike, for a total term of 32 months. The trial court awarded defendant 305 days of presentence custody credit and ordered her to pay a $300 restitution fund fine (§ 1202.4), a $300 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8), and a $30 criminal assessment fee (Gov. Code, § 70373). The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

### *WENDE* REVIEW

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

**DISPOSITION**

The judgment is affirmed.

      MURRAY      , J.

We concur:

     HULL      , Acting P. J.

     RENNER      , J.